UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FEDERAL TRADE COMMISSION and the STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>vs.<br><br>RHINELANDER AUTO CENTER, INC., a Wisconsin corporation, also d/b/a Rhinelander GM Auto Center, Rhinelander Cadillac, and OK Used Cars of Rhinelander;<br><br>RHINELANDER MOTOR COMPANY, a Wisconsin corporation, also d/b/a Rhinelander Toyota;<br><br>RHINELANDER AUTO GROUP LLC, a Wisconsin limited liability company, also d/b/a Rhinelander GM Auto Center, Rhinelander Cadillac, and OK Used Cars of Rhinelander;<br><br>RHINELANDER IMPORT GROUP LLC, a Wisconsin limited liability company, also d/b/a Rhinelander Toyota; and<br><br>DANIEL TOWNE, individually and as an officer, member, or manager of RHINELANDER AUTO CENTER INC., RHINELANDER MOTOR COMPANY, RHINELANDER AUTO GROUP LLC, and RHINELANDER IMPORT GROUP LLC,<br><br>Defendants. | Case No. **3:23-cv-737**<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF AS TO DEFENDANTS RHINELANDER AUTO CENTER, INC. AND RHINELANDER MOTOR COMPANY** |

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and the State of Wisconsin, filed their Complaint for permanent injunction, monetary relief, and other relief in this matter ("Complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691–1691f, and Wis. Stat. §§ 100.18(11)(d), 100.26(4), 426.109, and 426.301.

Defendants Rhinelander Auto Center, Inc. and Rhinelander Motor Company ("Settling Defendants") have waived service of the summons and the Complaint. Plaintiffs and Settling Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief as to Rhinelander Auto Center, Inc. and Rhinelander Motor Company ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the ECOA, 15 U.S.C. § 1691(a)(1), and its implementing Regulation B, 12 C.F.R. § 202.4(a), and Wis. Stat. §§ 100.18(1) and 426.108, and the administrative rule promulgated under Wis. Stat. § 426.108, Wis. Admin. Code § DFI-WCA 1.85, in the promoting, advertising, marketing, sale, leasing, or financing of new and used motor vehicles.

3. Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4. In March 2019, Settling Defendants irrevocably transferred their ownership of and licenses to operate three Rhinelander Auto Dealerships known as Rhinelander GM Auto Center, located at 1935 North Stevens Street, Rhinelander, Wisconsin 54501-8556; Rhinelander Toyota, located at 1955 North Stevens Street, Rhinelander, Wisconsin 54501-8556; and OK Used Cars of Rhinelander, located at 1508 North Stevens Street, Rhinelander, Wisconsin 54501-2227. Since transferring ownership and operation of the three Rhinelander Auto Dealerships in

March 2019, Settling Defendants have not promoted, advertised, marketed, offered for sale or lease, sold, leased, or financed any motor vehicles.

5. The parties agree that this Order resolves all allegations by Plaintiffs against the Settling Defendants in the Complaint, including Settling Defendants' liability for their employee, the Individual Defendant Daniel Towne, for the time period through March 24, 2019, but does not resolve Plaintiffs' claims against Daniel Towne in his individual capacity at any time, including his participation while employed by Settling Defendants, and his acting in any other capacity, including on behalf of any other entity, such as for the time period on or after March 25, 2019.

6. Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

7. Settling Defendants and Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Defendants"** means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination.

1. **"Corporate Defendants"** means Rhinelander Auto Center, Inc., also d/b/a Rhinelander GM Auto Center, Rhinelander Cadillac, and OK Used Cars of Rhinelander; Rhinelander Motor Company, also d/b/a Rhinelander Toyota; Rhinelander Auto Group LLC also d/b/a Rhinelander GM Auto Center, Rhinelander Cadillac, and OK Used Cars of Rhinelander; and Rhinelander Import Group LLC, also d/b/a Rhinelander

Toyota; and their successors and assigns.

2. **"Individual Defendant"** means Daniel Towne.

3. **"Settling Defendants"** means Rhinelander Auto Center, Inc., also d/b/a Rhinelander GM Auto Center, Rhinelander Cadillac, and OK Used Cars of Rhinelander; Rhinelander Motor Company, also d/b/a Rhinelander Toyota; and their successors and assigns.

## ORDER

### I. PERMANENT CESSATION OF BUSINESS ACTIVITIES AND DISSOLUTION OF BUSINESS ENTITIES

IT IS ORDERED that Settling Defendants are permanently restrained and enjoined from promoting, advertising, marketing, offering for sale or lease, sale, lease, or financing of motor vehicles to any customer, or conducting any other business other than the liquidation and wind up of their prior business. Settling Defendants shall satisfy their obligation to pay out existing warranties to their current customers by setting up an independent third-party escrow with sufficient funds to pay out existing warranty claims.

Within fourteen (14) days of entry of this Order by the Court, Settling Defendants shall provide proof to the Plaintiffs of the permanent dissolution of the corporate entities Rhinelander Auto Center, Inc., a Wisconsin corporation, Rhinelander Motor Company, a Wisconsin corporation, and all subsidiaries, successors, and assigns of these entities, if any, pursuant to applicable Wisconsin laws. Such proof shall be sent via electronic mail to DEBrief@ftc.gov and to beilinlw@doj.state.wi.us and shall, at a minimum, consist of a statement sworn under penalty of perjury, in compliance with 28 U.S.C. § 1746, that both corporate entities have been permanently dissolved, and shall also include documentary proof that Settling Defendants have delivered articles of dissolution to the State of Wisconsin. The subject line of the email shall

begin with "FTC v. Rhinelander Auto Center, Inc."

Prior to submitting the articles of dissolution to the State of Wisconsin, Settling Defendants shall satisfy the monetary judgment contained in Section II of this Order.

## II. MONETARY JUDGMENT

IT IS FURTHER ORDERED that Settling Defendants shall pay One Hundred Thousand Dollars ($100,000) as follows:

A. Judgment in the amount of One Hundred Thousand Dollars ($100,000) is entered in favor of the Plaintiffs against Settling Defendants, jointly and severally, as monetary relief.

B. Settling Defendants are ordered to pay to Plaintiffs One Hundred Thousand Dollars ($100,000) as monetary relief, which, as Settling Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## III. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission or Plaintiffs, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Settling Defendants acknowledge that the Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers) that Settling Defendants must submit to Plaintiffs may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.  All money received by Plaintiffs pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable, or if money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## IV.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendants and Settling Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information relating to Rhinelander Auto Center, Inc.; Rhinelander Motor Co.; and OK Used Cars of Rhinelander to enable Plaintiffs to administer consumer redress efficiently. If a representative of Plaintiffs requests in writing any

information related to redress, Settling Defendants must provide it, in the form prescribed by Plaintiffs, within fourteen (14) days. The obligations in this Section of the Order shall survive beyond Settling Defendants' dissolution.

## V.   COOPERATION

IT IS FURTHER ORDERED that Settling Defendants must fully cooperate with representatives of Plaintiffs and the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Defendants must provide truthful and complete information, evidence, and testimony. Settling Defendants must cause Settling Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Plaintiff or Commission representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Plaintiff or Commission representative may designate, without the service of a subpoena. The obligations in this Section of the Order shall survive beyond Settling Defendants' dissolution.

## VI.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that, within seven (7) days of entry of this Order, Settling Defendants each shall submit to the Commission an acknowledgment of receipt of this Order. Such acknowledgements shall be sworn under penalty of perjury, in compliance with 28 U.S.C. § 1746, and shall be sent via electronic mail to DEBrief@ftc.gov and to beilinlw@doj.state.wi.us with the subject line beginning with "FTC v. Rhinelander Auto Center, Inc."

## VII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this 6th day of November, 2023.

                                                                           _____
UNITED STATES DISTRICT JUDGE
William M. Conley

**Entered this 6th day of November, 2023**

                                                      s/ Deputy Clerk
                                               _____
CLERK OF COURT
JOEL W. TURNER