UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FEDERAL TRADE COMMISSION and the STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>vs.<br><br>RHINELANDER AUTO CENTER, INC., a Wisconsin corporation, also d/b/a Rhinelander GM Auto Center, Rhinelander Cadillac, Rhinelander Toyota, OK Used Cars of Rhinelander;<br><br>RHINELANDER MOTOR COMPANY, a Wisconsin corporation, also d/b/a Rhinelander GM Auto Center, Rhinelander Cadillac, Rhinelander Toyota, OK Used Cars of Rhinelander;<br><br>RHINELANDER AUTO GROUP LLC, a Wisconsin limited liability company, also d/b/a Rhinelander GM Auto Center, Rhinelander Toyota, Rhinelander Cadillac, OK Used Cars of Rhinelander;<br><br>RHINELANDER IMPORT GROUP LLC, a Wisconsin limited liability company, also d/b/a Rhinelander GM Auto Center, Rhinelander Toyota, Rhinelander Cadillac, OK Used Cars of Rhinelander; and<br><br>DANIEL TOWNE, individually and as an officer, member, or manager of RHINELANDER AUTO CENTER INC., RHINELANDER MOTOR COMPANY, RHINELANDER AUTO GROUP LLC and RHINELANDER IMPORT GROUP LLC,<br><br>Defendants. | **Case No. 3:23-cv-737**<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF AS TO DEFENDANTS RHINELANDER AUTO GROUP LLC, RHINELANDER IMPORT GROUP LLC, AND DANIEL TOWNE** |

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC"), and the State of

Wisconsin, filed their Complaint for permanent injunction, monetary relief, and other relief in

this matter ("Complaint"), pursuant to Sections 13(b), and 19 of the Federal Trade Commission

Act ("FTC Act"), 15 U.S.C. §§ 53(b), and 57b, the Equal Credit Opportunity Act ("ECOA"), 15

U.S.C. §§ 1691–1691f, and Wis. Stat. §§ 100.18(11)(d), 100.26(4), 426.109, and 426.301.

Plaintiffs and Rhinelander Auto Group LLC, Rhinelander Import Group LLC, and Daniel Towne

("Settling Defendants") stipulate to the entry of this Stipulated Order for Permanent Injunction,

Monetary Judgment, and Other Relief as to Defendants Rhinelander Auto Group LLC,

Rhinelander Import Group LLC, and Daniel Towne ("Order") to resolve all matters in dispute in

this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive and unfair acts

or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the ECOA, 15 U.S.C. §

1691(a)(1), and its implementing Regulation B, 12 C.F.R. § 202.4(a), and Wis. Stat. §§ 100.18(1)

and 426.108, and the administrative rule promulgated under Wis. Stat. § 426.108, Wis. Admin.

Code § DFI-WCA 1.85, in the promoting, advertising, marketing, sale, leasing, or financing of

new and used motor vehicles.

3.      Only for purposes of this action, Settling Defendants admit the facts necessary to

establish jurisdiction.

4.      Settling Defendants waive any claim that they may have under the Equal Access

to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of

this Order, and agree to bear their own costs and attorney fees.

5.      Settling Defendants and Plaintiffs waive all rights to appeal or otherwise

challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.    **"Add-on Product or Service"** means any product or service relating to the sale, lease, or financing of a motor vehicle that is marketed, offered, provided, sold or arranged by a motor vehicle dealer that is not provided or installed by the motor vehicle manufacturer, including but not limited to extended warranties; prepaid or other maintenance plans; Guaranteed Asset Protection insurance ("GAP insurance"); Vehicle Identification Number ("VIN") etching; vehicle service contracts; payment programs; rustproofing; undercoating; paint or fabric protection; physical items such as mud flaps or sill plates; appearance products; lease protection; tire and wheel protection; theft protection or security devices; global positioning systems; starter interrupt devices; remote starters; road service or club memberships; shuttle services; credit life, accident, disability, loss-of-income or other insurance; and debt cancellation or suspension coverage.

B.    **"Buy Rate"** means the lowest interest rate at which any assignee will purchase the contract.

C.    **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.    In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the

disclosure is made in only one means.

      2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

      3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

      4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

      5.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

      6.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

      7.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

      8.      When the representation or sales practice targets a specific audience, such as children, the elderly, or terminally ill, "ordinary consumers" includes reasonable members of that group.

D.      **"Defendants"** means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination.

      1.      **"Corporate Defendants"** means Rhinelander Auto Center, Inc., also

d/b/a Rhinelander GM Auto Center, Rhinelander Cadillac, and OK Used Cars of
Rhinelander; Rhinelander Motor Company, also d/b/a Rhinelander Toyota; Rhinelander
Auto Group LLC, also d/b/a Rhinelander GM Auto Center, Rhinelander Cadillac, and OK
Used Cars of Rhinelander; and Rhinelander Import Group LLC, also d/b/a Rhinelander
Toyota; and their successors and assigns.

    2.    **"Individual Defendant"** means Daniel Towne.

    3.    **"Settling Defendants"** means Rhinelander Auto Group LLC, also d/b/a
Rhinelander GM Auto Center, Rhinelander Cadillac, and OK Used Cars of Rhinelander;
Rhinelander Import Group LLC, also d/b/a Rhinelander Toyota; and their successors and
assigns, along with Individual Defendant Daniel Towne.

E.    **"Express, Informed Consent"** means an affirmative act communicating
unambiguous assent to be charged, made after receiving, and in close proximity to, a Clear and
Conspicuous disclosure, in writing and also orally for in-person transactions, of the following:

    1.    what the charge is for;

    2.    the amount of the charge(s), including, if the charge is for a product or
service, all fees and costs to be charged to the consumer over the period of repayment
with and without the product or service; and

    3.    whether the charge is optional or whether the consumer must agree to
the charge to proceed with the transaction.

F.    **"Standard"** means a number of basis points (not to exceed 115) above the Buy
Rate, set annually.

**ORDER**

## I.  PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting, advertising, marketing, offering for sale or lease, sale, lease, or financing of motor vehicles, are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.    whether charges, products, or services are optional or required;

B.    the existence or amount of any fees, interest, charges, or costs;

C.    whether charges, products, or services are authorized by consumers;

D.    any material aspect of any Add-on Product or Service; and

E.    any other material fact, such as any restrictions, limitations, or conditions; or any aspect of the benefits, performance, efficacy, nature, or central characteristics of any product or service.

## II.  OBTAINING EXPRESS, INFORMED CONSENT FOR ALL CHARGES

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting, advertising, marketing, offering for sale or lease, sale, lease, or financing of motor vehicles, are permanently restrained and enjoined from charging a consumer without having obtained the consumer's Express, Informed Consent.

### III.  PROHIBITION AGAINST UNLAWFUL CREDIT DISCRIMINATION

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

A.  Discriminating against any credit applicant:

1.  on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);

2.  because all or part of the applicant's income derives from any public assistance program; or

3.  because the applicant has in good faith exercised any right under the Consumer Credit Protection Act, 15 U.S.C. §§ 1601–1693r, a copy of which is attached; or

B.  Failing to comply with the ECOA, 15 U.S.C. §§ 1691–1691f, and Regulation B, 12 C.F.R. pt. 202, a copy of which is attached.

### IV.  FAIR LENDING PROGRAM

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, shall not participate in the extension, renewal, or continuation of credit at all dealerships operated by Settling Defendants unless they establish and implement, and thereafter maintain, a fair lending program ("Fair Lending Program") that safeguards against discrimination against credit applicants on a basis prohibited by this Order or by law.  To satisfy this requirement, Settling

Defendants alone must, at a minimum:

A.      Designate a single senior manager qualified in fair lending compliance as the fair lending compliance officer responsible for the Fair Lending Program;

B.      Ensure all employees and agents, before engaging in the extension, renewal, or continuation of credit, and at least once every twelve (12) months, receive training from an independent qualified person or organization on the Fair Lending Program, the requirements of the ECOA and Regulation B, and Settling Defendants' obligations under the ECOA and Regulation B, and sign an acknowledgement stating that the employee or agent (1) completed the training, (2) had the opportunity to have questions about the employee or agent's legal responsibilities answered, and (3) understands the employee or agent's legal responsibilities not to discriminate under federal fair lending laws;

C.      Implement and maintain written guidelines specifying the reasons for assessing or not assessing any fee or other charge and each factor Settling Defendants may consider in calculating any such charge, each of which must be objective and none of which can be discriminatory;

D.      For all retail installment sales contracts:

1.      Offer each consumer all subvented contracts for which the consumer is eligible;

2.      For any consumer who is not eligible for any contract described in Subparagraph 1, or who rejects all such contracts, offer:

a.      all contracts the consumer is eligible for that are financed with an assignee that does not allow an interest rate greater than the Buy Rate; and

b.      if the consumer is eligible for any contract that is financed with an

assignee whose limit on the number of basis points Settling Defendants can charge is less than the Standard, offer each such contract with that limited number of basis points;

3.      For any consumer who is not eligible for any contract described in Subparagraph 2, or who rejects all such contracts, offer a contract that charges the Standard; and

4.      Create and maintain a contemporaneous written record signed by the fair lending compliance officer that is sufficient to show (i) the offers presented to the consumer, (ii) why the consumer rejected any offer, and (iii) that any charge above the Buy Rate complies with the rest of this Order;

E.      Promptly terminate employees and agents engaged in discriminatory conduct or conduct that violates the Fair Lending Program or any term of Sections I through IV of this Order; and

F.      For ten (10) years after entry of this Order, within fourteen (14) days of receiving, whether directly or indirectly, such as through a third party, a complaint of discrimination against Corporate Defendants or any of Corporate Defendants' officers, agents, or employees, related to the promotion, advertising, marketing, sale, leasing, or financing of new and used motor vehicles, submit a copy, along with any response, to the Commission pursuant to the Section titled "Compliance Reporting."

*Provided, however*, that nothing in this Order shall be construed as permitting any conduct that overtly, in treatment, or in effect discriminates against consumers on the basis of race, color, national origin, or any other protected characteristic or violates the ECOA, Regulation B, or any other law.

## V.    MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of One Million Dollars ($1,000,000) is entered in favor of the Plaintiffs against Settling Defendants, jointly and severally, as monetary relief.

B.      Settling Defendants are ordered to pay to Plaintiffs One Million Dollars ($1,000,000) as monetary relief, which, as Settling Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## VI.    ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.      Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

C.      Settling Defendants acknowledge that the Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers) that Settling Defendants must

submit to Plaintiffs may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

D.    All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable, or if money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII.    CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Plaintiffs to administer consumer redress efficiently.  If a representative of the Plaintiffs requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Plaintiffs, within fourteen (14) days.

## VIII.    ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendants obtain acknowledgments of receipt of this Order:

A.      Each Settling Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, Individual Defendant Towne for any business he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each of the other Settling Defendants, must deliver a copy of this Order to (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for the conduct related to the subject matter of the Order and all agents and representatives who participate in the advertising, marketing, promotion, offering for sale or financing, or sale; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## IX.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which

representatives of the Plaintiffs may use to communicate with that Settling Defendant; (b) identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Settling Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.     Additionally, Individual Defendant Towne must: (a) identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services, whether as an employee or otherwise, and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For ten (10) years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.     Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the corporate structure of any Settling Defendant or any corporate entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:

creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Individual Defendant Towne must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services, whether as an employee or otherwise, and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within fourteen (14) days of its filing.

D. Any submission to the Commission that this Order requires to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____." and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by the applicable FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: "FTC v. Rhinelander Auto Center, Inc."

## X. RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendants must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years. Specifically,

Settling Defendants Rhinelander Auto Group LLC and Rhinelander Import Group LLC, in connection with the advertising, marketing, offering for sale or lease, or sale or lease of motor vehicles or Add-on Products or Services, and Individual Defendant Towne for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     accounting records showing the revenues from all goods or services sold;

B.     personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

C.     records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response; and

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## XI.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A.     Within fourteen (14) days of receipt of a written request from a representative of Plaintiffs, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Plaintiffs are authorized to communicate directly with each Settling Defendant. Settling Defendants must permit the Plaintiffs to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.      The Plaintiffs may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b–1.

D.      Upon written request from a representative of the Plaintiffs, any consumer reporting agency must furnish consumer reports concerning the Individual Defendant, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this 6th day of _November_____, 2023.

_____
UNITED STATES DISTRICT JUDGE
William M. Conley

Entered this 6th day of November, 2023

/s/ Deputy Clerk
_____
CLERK OF COURT
JOEL W. TURNER